## KEOPOHAKU *v.* KALAAUKAPU.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 6, 1896.          DECIDED NOVEMBER 19, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

There is not a conclusive presumption that a deed executed by an aged grantor for a nominal consideration was originally procured by fraud, from the mere fact that the grantee afterwards failed to support the grantor as provided in the deed.

A deed conditioned for the support of the grantor will not be ordered canceled for breach of the condition, upon a bill framed solely on the theory that the deed was originally procured by fraud.

OPINION OF THE COURT BY FREAR, J.

This is a suit in equity for the cancelation of a deed on the ground of fraud. The alleged fraud is set forth in the bill substantially as follows:

"That on the 25th of August, 1893, the defendant induced the complainant (a Hawaiian over eighty years of age) by fraud, deceitful and wicked promises and representations to make a conveyance to him, the defendant, of the land in question (R. P. 1287, L. C. A. 443, at Punaluu, Oahu) for the nominal consideration of one dollar.

"That such fraud, deceitful and wicked promises and representations consisted in that the defendant told the complainant that if he would convey to him the said land, he, the defendant, would support the complainant in a comfortable and decent manner during the remainder of his life and that the complainant should thereafter have no further thought or concern

about getting his living but that the defendant would see to it that the complainant should not want for anything; all of which pretences, promises and statements the defendant at the time of making them never intended to fulfil, but the same were made deceitfully, fraudulently and designedly for the purpose of procuring complainant to execute the said deed.

"That shortly after the execution of said deed the defendant utterly deserted the complainant and left him penniless and in want and destitution and has ever since failed and refused to support the complainant."

The deed, which was put in evidence, purports to have been made in consideration of love and generosity and one dollar, but contains after the description of the land this clause: "Eia kekahi mea nui, e malama pono no hoi ku'u moopuna o Kalaaukapu, k, i ku'u ola a hiki i ku'u make ana, alaila pau," which may be translated thus: "Here is one great thing, my grandson Kalaaukapu is also to furnish me with suitable support until my death, then cease."

The Circuit Judge made specific findings of facts as well as a general finding that so far as appeared from the circumstances surrounding the execution of the deed, the complainant had utterly failed to establish the truth of the allegations of fraud. These findings need not be set forth here. They are sustained by the evidence and are practically conceded by complainant's counsel.

The argument mainly relied upon before the Circuit Judge after the evidence was in, and now mainly relied upon, is that in equity the breach of the covenant or condition for support in a case of this kind is itself sufficient evidence of fraud, or gives rise to a presumption that the deed was procured fraudulently in the first instance. But, as found by the Circuit Judge, if there is such a presumption it is rebutted in this case by the evidence. The presumption, if any, certainly is not conclusive. A grantor may make such a deed entirely of his own motion and the grantee may fully intend, when he accepts it, to comply with the provision for support, but may afterwards undergo a

change of heart. The remedy in such case is, not to cancel the deed for fraud at the time it was made, but to enforce the covenant or to enforce a forfeiture for failure of consideration or breach of condition or other cause, if any, as the case may be.

Complainant's counsel, accordingly, further argues that the clause for support in this case is a condition, and requests a decree for the cancelation of the deed and the forfeiture of the estate thereby conveyed, for breach of the condition. But here again we must sustain the Circuit Judge in his ruling that there are no allegations in the bill to warrant the granting of such relief. It is true, there is an allegation that the defendant has failed to support the complainant, but this is only one of several allegations made to show fraud at the time the deed was made. Strike out the preceding clauses which set forth the promises, presumably oral, alleged to have been made fraudulently to induce the execution of the deed, and the allegation of failure to support must also be struck out. It cannot stand alone. It is merely an allegation that the defendant did not keep the promises which he is alleged to have made to induce the complainant to sign the deed. No such promises were shown to have been made. The deed itself is not set out, and it does not appear from the bill that it contains a clause for support, whether in the nature of a covenant or condition. The bill is framed solely on the theory that the complainant was induced by fraud to sign the deed, and this theory is not borne out by the facts. Whether the deed might have been set aside upon a bill based on some other ground, or whether an amendment might have been allowed to this bill, had leave to amend been requested, are questions which need not be decided now.

The decree of the Circuit Judge dismissing the bill without prejudice to the petitioner's right to bring further proceedings is therefore affirmed.

*Magoon & Edings*, for complainant.

*C. Brown*, for defendant.